**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND** 2014 APR 16 P 3: 28

RECEIVED

APR 16 2014

U.S. DISTRICT COURT
DISTRICT OF R.I.

**MOJISOLA AFOLABI;**
**ELEANOR KILLI,**
**DAVID ONASILE &**
**OLAYIDE WILLIAMS**

　　　Plaintiffs

v.

C.A. No.:_____

**LIFESPAN CORPORATION &**
**RHODE ISLAND HOSPITAL**
　　Defendants

CA 14 - 191 M-PAS

## COMPLAINT

### INTRODUCTORY STATEMENT/NATURE OF THE ACTION

This action is commenced by **Mojisola Afolabi; Eleanor Killi, David Onasile and Olayide Williams** (hereafter "Plaintiffs"), individuals, against Lifespan Corporation and Rhode Island Hospital (hereafter "Employer" or "Defendants") in order to remedy and seek relief for the Defendants unlawful and discriminatory employment practices on the basis of race and national origin and related retaliation, in violation of Title VII of the Civil Rights Act of 1964; in addition to other federal, state, and common law claims.

### JURISDICTION AND VENUE

1.　　Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to pertinent provisions of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§2000e et seq.  All conditions precedent to establishing this court's jurisdiction have been satisfied.

2.     The employment practices hereafter alleged to be unlawful were, and are now, being committed in the State of Rhode Island.  Consideration of judicial economy, convenience, and fairness to the litigants warrant exercise of this court's supplemental jurisdiction with respect to Plaintiffs' state law claims.  Plaintiffs' state claims are so related to Plaintiff's federal claims that they derive from a common nucleus of operative facts, and form part of the same case or controversy.  This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C 1367(a).

3.     Venue is proper in this district pursuant to, inter alia, 28 U.S.C. 1391(b) and (c), because:

a.     the alleged unlawful practices occurred and/or are continuing to occur within the State of Rhode Island, and in this judicial district;

b.     all records relevant to the alleged unlawful practices are maintained and administered in the Defendants' place of business in Providence, Rhode Island, within this judicial district;

c.     the Plaintiffs would currently be receiving the full and fair benefit of their employment at the Defendants' place of business in Rhode Island, and within this judicial district, but for the Defendants' unlawful employment practices.

4.     On September 6, 2103, Plaintiffs timely filed separate and individual Charges of Discrimination with the Rhode Island Commission for Human

Rights ("RICHR") and the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging that they had been discriminated against on the basis of color, race and national origin, and had been subject to unlawful retaliation.

5.      In timely fashion, Plaintiffs requested and received Right To Sue Authorization from the appropriate administrative agency(ies). (ATTACHMENT 1).

6.      Plaintiffs have fulfilled all other conditions precedent to the institution of each count of this action.

## PARTIES

7.      Plaintiff Afoloabi is a black female born in Nigeria.  Plaintiff Afolabi is a resident of the town of Albion, Rhode Island.  Plaintiff Killi is a black female born in Cameroon.  Plaintiff Killi is a resident of the City of North Providence, Rhode Island.  Plaintiff Onasile is a black male born in Nigeria.  Plaintiff Onasile is a resident of the City of North Providence, Rhode Island.  Plaintiff Williams is a black male born in Nigeria.  Plaintiff Williams is a resident of the City of Providence, Rhode Island.

8.      The Defendant Rhode Island Hospital is a domestic corporation, maintained to operate a principal place of business located at 593 Eddy

Street, Providence, RI 02903. The Defendant Lifespan Corporation is a domestic corporation authorized to do business in the State of Rhode Island and maintains a principal office and place of business located at 167 Point Street; Providence, RI 02903. The Defendants are sufficiently joined in terms of ownership and control to be considered one employer for the purposes of this action.

9.      On information and belief, at all times material to the allegations of this Complaint, the Defendants have continuously, and do now, employ at least 200 or more employees in the State of Rhode Island.

10.     At all times material to the allegations of this Complaint, the Defendants qualified as an employer and/or covered entity pursuant to applicable provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.; The Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1 et seq.; The Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1 et seq., and any other state or federal statutes referenced in this Complaint.

11.     At all times material to the allegations of this Complaint, the Defendants have continuously been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(g) and (h).

12.     At all times material to this action, Plaintiffs were individuals, employees, and/or persons covered under the terms and provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.; The Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1 et seq.; The Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1 et seq.; and any other state or federal statutes referenced in this Complaint.

13.     On information and belief, and at all times pertinent to this Complaint, managers and supervisors engaging in discriminatory workplace treatment of the Plaintiffs, were each a person acting in furtherance of the interest of, on behalf of, and as the agent of the Defendants, with respect to all allegations of this Complaint, and the Defendants knew or should reasonably have known of their unlawful conduct.

## FACTS COMMON TO ALL COUNTS

14.     Plaintiffs are black, three being born in Nigeria, and Plaintiff Killi being born in Cameroon.   Plaintiffs compiled positive records of dedicated service to the employer throughout their tenures of employment, at all times meeting or exceeding the Employers' legitimate expectations.

15.     Plaintiff Afolabi worked for the Defendants for approximately 7 years and 2 months, most recently holding the position of Registered Nurse in the

Jane Brown Building, Unit 4 South, Psychiatric Unit at Defendant Rhode Island Hospital.

16.     Plaintiff Killi worked for the Defendants for approximately 2 years and 8 months, most recently holding the position of Registered Nurse in the Jane Brown Building.

17.     Plaintiff Onasile worked for the Defendants for over 9 years, holding the position of Mental Health Worker in the Jane Brown Building.

18.     Plaintiff Williams worked for the Defendants for approximately 3 years and 8 months in the position of Registered Nurse in the Jane Brown Building.

19.     On or about June 19, 2013, Plaintiff Onasile was terminated by the Director of the Psychiatric Unit, a white American born individual who had recently been hired.

20.     During or about August 20, 2013, Plaintiffs Afolabi, Killi and Williams were accused of an alleged infraction of hospital policy.  Although they had committed no such infraction, they were threatened by the employer that if they did not resign they would be terminated.

21.     At no time did the Plaintiffs referenced in Paragraph 20, to their knowledge, ever breach any known or enforced hospital rule or policy or

engage in any conduct warranting discharge and had also never been previously subject to any formal discipline or accused of any infraction.

22.     Plaintiffs Afolabi and Killi, having engaged in no infraction, would not be coerced by the employer into resigning. Therefore, both were terminated. Plaintiff Williams was coerced into resigning, based on the employer's threat that if he did not do so he would be denied unemployment benefits. Thus, as of on or about August 20, 2013, Afolabi, Killi and Williams had all been terminated or constructively terminated, even though they had done nothing wrong.

23.     Before Plaintiffs' discharges, they had joined with certain other black employees in letter(s) that were submitted to the hospital, in an attempt to bring to its attention what they and other black African employees believed in good faith to be discriminatory, biased and hostile workplace treatment based on race, color, national origin and retaliation.

24.     One of the letters referenced in the previous paragraph was submitted in March, 2013, and it addressed alleged discriminatory conduct perpetrated by an Asst. Clinical Manager in the Psychiatric Unit, a white American born individual. Plaintiffs Afolabi, Killi and Onasile signed this letter. In April, 2013, the Plaintiffs' union representatives met with management of

the Psychiatric Unit to protest the workplace treatment of black employees, but the hospital took no action.

25.   Another letter was submitted in July, 2013, to the hospital's Director of Diversity, entitled "Discriminatory Practices in the Psychiatry Department at RI Hospital" and, among other concerns, specifically addressed the behavior of the Director of the Department of Psychiatry, an American born individual who had recently been hired.   Plaintiffs Afolabi and Killi signed this letter.

26.   A copy of the July, 2013 letter was also submitted to the RI Chapter of the NAACP which informed Plaintiffs Afolabi and Killi that it would contact the hospital's Vice President for Human Resources to schedule a meeting regarding the complaints of black employees.

27.   Plaintiffs Afolabi and Killi personally contacted and met with the NAACP to seek assistance regarding their concerns and on behalf of other black employees.

29.   The meeting with the NAACP occurred approximately a week or two prior to Plaintiffs Afolabi, Killi, and Williams' terminations, and shortly after the submission to the employer of a letter of complaint in or about

July, 2013.  Plaintiff Onasile was terminated subsequent to the submission of the first letter of complaint, referenced above, dated in or about March, 2013.

30.   Other complaints have been lodged with the employer regarding, for example, a hospital policy prohibiting black employees from speaking any other language than English while at work.

31.   Plaintiffs Afolabi and Killi were also subjected to demeaning comments by a white RN in which she referred to Plaintiffs Afolabi and Killi and their black colleagues as "you people" and indicated that they were lazy.

32.   Plaintiffs Afolabi and Killi reported this conduct to the Director of the Psychiatric Unit who refused to take remedial action.

33.   Evidence exists to prove that, in other instances, white employees similarly situated to the Plaintiffs engaged in misconduct, but received either no discipline or a mere warning.  In one instance, a white nurse was neither fired nor disciplined for engaging in serious misconduct to the detriment of the health and safety of a patient, which patient is believed to have died.  In another instance, a white nurse is believed to have received no more than a mere warning for misconduct resulting in a patient having to be referred to the intensive care unit.

34.     There exists a hostile environment in the employer's Psychiatric Unit, based on race, color and national origin, as well as a climate of retaliation.

35.     The hospital is aware of these conditions but has done nothing to correct or address these issues, but rather has condoned and perpetrated unlawful conduct.

36.     All Plaintiffs were awarded full unemployment benefit compensation from the RI Department of Labor and Training, there existing no evidence that they engaged in disqualifying misconduct.

37.     Rather than take action regarding hostile and discriminatory conditions, the hospital has retaliated against black African and other black employees, tolerated a hostile work environment and terminated such employees, including Plaintiffs, for asserting their rights to oppose unlawful workplace treatment.

38.     The Defendants conduct referenced in the preceding paragraphs were taken in retaliation against the Plaintiffs for asserting their rights to be free from a discriminatory and unlawful work environment, and because of their ethnic background, race, place of birth, and national origin and in retaliation. The Defendants' conduct reflects, in both purpose and effect, a

blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against the Plaintiffs. Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of the Plaintiffs.

## COUNT I
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### 42 U.S.C. §2000e, ET SEQ.

### DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
### RETALIATION
### TERMINATION

39.    The allegations contained in Paragraphs 1-38, above, are incorporated herein by reference in their entirety.

40.    The Defendants' discriminatory conduct, policies, and practices are violative of the provision of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. by:

    a.  interfering with Plaintiffs' rights to avail themselves of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on race, national origin, and/or ethnic background;

    b.  depriving them of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which they were entitled;

    c.   treating them in a hostile, demeaning, and otherwise unlawful manner based on their race, national origin, and/or ethnic background; and

    d.   causing them lost income and benefits, humiliation, physical and emotional injury, as well as harm to their personal and professional reputations.

41.    The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Plaintiffs' race, national origin, and/or ethnic background.  Such practices include, but are not limited to, Defendants:

    a.   retaliating against Plaintiffs because of their race, national origin, and/or ethnic backgrounds;

    b.   forcing Plaintiffs to work under discriminatory terms and conditions of employment, based on race, national origin, and/or ethnic backgrounds;

    c.   terminating Plaintiffs.

42.    But for the Defendants' intent to discriminate against Plaintiffs because of their race, national origin, and ethnic backgrounds, Defendants would not have subjected Plaintiffs to discriminatory terms and conditions of employment or retaliated against them.

43.    The Defendants purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiffs' employment because of Plaintiffs' race, national origin, and/or ethnic backgrounds.  The Defendants' conduct has unlawfully deprived Plaintiffs of their employment status, income, benefits, privileges,

promotions, and other terms and conditions accruing to the employment relationship to which they were entitled; has caused harm to their reputations; and has caused them humiliation, as well as physical and/or emotional injuries.

WHEREFORE, Plaintiffs pray that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiffs for all damages and equitable relief available, as hereinafter requested.

## COUNT II
## RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT
### R.I.G.L.§28-5-1 et seq.

### DISCIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
### RETALIATION
### TERMINATION

44.     Paragraphs 1-38 above are herein incorporated by reference in their entirety.

45.     The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of the RIFEPA, by:

a.  interfering with Plaintiffs' right to avail themselves of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on race, national origin and/or ethnic background;

b. depriving them of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which they were entitled;

c. treating them in a hostile, demeaning, and otherwise unlawful manner based on their race, national origin, and/or ethnic backgrounds; and

d. causing them lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to their personal and professional reputations.

46.    The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Plaintiffs' race, national origin, and/or ethnic background. Such practices include, but are not limited to, Defendants:

a. retaliating against Plaintiffs for complaining about what they reasonably believed to be unlawful workplace treatment;

b. forcing Plaintiffs to work under discriminatory terms and conditions of employment, based on race, national origin, and/or ethnic background.

47.    But for the Defendants' intent to discriminate against Plaintiffs because of their race, national origin, and ethnic background, Defendants would not have retaliated against Plaintiffs or subjected them to discriminatory terms and conditions of employment.

48.     The Defendants' conduct has unlawfully deprived Plaintiffs of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which they were entitled; has caused irreparable harm to their reputation and professional mobility; and has caused them extreme humiliation, as well as physical and emotional injuries.

WHEREFORE, Plaintiffs pray that judgment be entered herein against Defendants, jointly and severally, in favor of Plaintiffs for all damages and equitable relief available, as hereinafter requested.

## COUNT III
## THE RHODE ISLAND CIVIL RIGHTS ACT OF 1990
## R.I.G.L. 42-112-1 ET SEQ.

### DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
### RETALIATION
### TERMINATION

49.     Paragraphs 1-38 above are incorporated herein by reference in their entirety.

50.     Despite Plaintiffs' ability to perform the duties of their position in a satisfactory manner, the Defendants unlawfully subjected Plaintiffs to discriminatory terms and conditions of employment, and retaliated against Plaintiffs, because of Plaintiffs' race, national origin, and/or ethnic background and for complaining about what they reasonably believed to be unlawful workplace treatment.

51.     But for the Defendants' intent to discriminate against Plaintiffs because of their race, national origin and/or ethnic background, Defendants would not have engaged in the unlawful conduct described in the preceding paragraphs.

52.     By its conduct described in the preceding paragraphs, Defendants have engaged in unlawful conduct in violation of R.I.G.L. 42-112-1 et seq.

53.     The Defendants' conduct was undertaken with a reckless and/or callous indifference to the statutorily protected rights of the Plaintiffs, and has unlawfully deprived the Plaintiffs of their employment, income, benefits, privileges, promotions, and other benefits accruing to the employment relationship, as well as caused harm to their reputations, humiliation, and physical and emotional injury.

WHEREFORE, Plaintiffs pray that judgment be entered herein against Defendants, jointly and severally, in favor of Plaintiffs for all damages and equitable relief available, as hereinafter requested.

COUNT IV
NEGLIGENT TRAINING AND SUPERVISION

54.     Paragraphs 1-38, above, are incorporated herein, by reference, in their entirety.

55.     Defendants owed a duty of care and responsibility to the Plaintiffs, regarding its agents, supervisors, managers, and others with authority over the Plaintiffs. Said duty required the Defendants to:

a. properly train its agents, supervisors, and managers, regarding appropriate workplace conduct;

b. exercise reasonable supervision and monitoring of the conduct of said individual(s);

c. take prompt and effective remedial action when it came to the Defendants' attention that said individuals were engaging in inappropriate or unlawful conduct;

d. take the steps to provide the Plaintiffs and other employees with a lawful workplace.

56.     The Defendants acted as unfit and unsuitable employers, in the manner in which they trained and supervised their agents, supervisors, managers.

57.     The Defendants breached the duty of care owed to the Plaintiffs to exercise the skills, ability, and care customarily exercised by employers in similar circumstances, in the hiring, training, supervision, and monitoring of the attitude and performance of its agents, supervisors, and managers, especially with respect to their duty to maintain a workplace free from unlawful conduct.

58.     As the direct, foreseeable, and intended result of the Defendants' tortous conduct, the Plaintiffs have suffered lost wages, benefits, harm to their good and valuable personal and professional reputations, and other damages now and in the future, including severe emotional distress with resulting severe physical and emotional manifestations, as well as those damages for which there is no adequate remedy at law.

WHEREFORE, Plaintiffs prays that judgment be entered herein against Defendants, jointly and severally, and in favor of the Plaintiff for all damages and equitable relief available, as hereinafter requested.

## COUNT V
## THE RI WHISTLEBLOWERS' PROTECTION ACT
## TITLE 28
## SECTION 28-50-1

59.     The allegation in paragraphs 1-38, above, are incorporated herein by reference, in their entirety.

60.     The Defendants' conduct in discharging the Plaintiffs was motivated by an intent to discriminate against the Plaintiffs and retaliate against the Plaintiffs because, *inter alia*, they reported to superiors and to the NAACP conduct which they knew or reasonably believed to be a violation of their rights under federal and/or state law, and/or represent an existing or imminent violation of state or federal law, and because they

stated an intention to provide information to state and/or federal agencies regarding unlawful working conditions.

61.     But for the Defendants' intent to retaliate against the Plaintiffs because of their conduct referenced in the previous paragraph, Defendants would not have retaliated against the Plaintiffs, subjected them to discriminatory terms and condition of employment, or terminated them.

62.     Defendants' conduct is in violation of the RI Whistleblowers' Act, RIGL section 28-50-01 *et seq.*

63.     As a result of Defendants' unlawful conduct, Plaintiffs have suffered severe distress, with resulting physical and/or emotional injuries, humiliation, harm to their career, harm to their reputation, lost wages, lost opportunities for advancement, attorney's fees, and other damages.

WHEREFORE, Plaintiffs pray that judgment be entered herein against the Defendants, jointly and severally, and in favor of Plaintiffs for all damages and equitable relief available, as hereinafter requested.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiffs for all damages and equitable relief available, including, but not limited to:

a.     an order that the Defendants institute and carry out policies, practices and programs which provide equal employment opportunities to qualified individuals regardless of race, national origin, ethnic background.

b.     an order that the Defendants make whole the Plaintiffs with appropriate lost earnings, benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including, but not limited to the granting to Plaintiffs appropriate increases, benefits, status, and promotional opportunities of the workplace;

c.     an order that the Defendants make whole the Plaintiffs by providing compensation for any pecuniary losses, including, but not limited to, any costs incurred for health and life insurance premiums, medical treatment, losses in pension entitlement, vacation pay and other benefits,  in amounts to be determined at trial;

d.     an order that the Defendants make whole the Plaintiffs by providing compensation for non-pecuniary losses, including, but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages pursuant to R.I.G.L. §28-50-4, 42-112-2, and 28-5-24;

e.     grant attorney's fees and the costs of this action;

f.      grant punitive damages, as appropriate, to punish the Defendants for its malicious conduct and/or for its reckless and/or callous indifference to the statutorily protected rights of the Plaintiffs, including an appropriate award pursuant to R.I.G.L. §28-50-4, 42-112-2, and 28-5-1;

g.      grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiffs from the date this cause of action accrued, pursuant to R.I.G.L. §9-21-10; and

h.      grant such further relief as this Court deems necessary and proper.


DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.



Respectfully Submitted,
Plaintiffs
Mojisola Afolabi;
Eleanor Killi; David Onasile &
Olayide Williams
By Their Attorney,

/s/ Stephen T. Fanning
_____
Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)