UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MOJISOLA AFOLABI, ELEANOR KILLI, DAVID ONASILE, <br> Plaintiffs, <br><br> v. <br><br> LIFESPAN CORPORATION and RHODE ISLAND HOSPITAL, <br> Defendant. | C.A. No. 14-191-JJM-LDA |
| OLUEMI AKANJI, <br> Plaintiff, <br><br> v. <br><br> LIFESPAN CORPORATION and RHODE ISLAND HOSPITAL, <br> Defendant. | C.A. No. 14-320-JJM-LDA |

ORDER

Before the Court are three Motions for Summary Judgment. ECF Nos. 55, 57, 59. The parties have filed extensive oppositions and replies. ECF Nos. 71 and 79; 72 and 77; 70 and 75. The Court heard arguments on the motions.

*Ms. Afolabi and Ms. Killi–14-191*

As to the claims of Mojisola Afolabi and Eleanor Killi, the Court finds that these Plaintiffs have set forth enough evidence to prove significant claims of prohibited racial and national origin discriminatory and retaliatory conduct, if believed by a jury, that would prove their entitlement to damages. If the jury accepts

the facts as presented by these two Plaintiffs, then they would prove a case of discrimination, disparate treatment based on race/national origin, and retaliation based on protected activity under Title VII, the Fair Employment Practices Act and the Rhode Island Civil Rights Act (Counts 1, 2, and 3). They also would prove a case of retaliation based on protected activity under the Rhode Island Whistle Blowers Protection Act (Count 5). Because there are issues of material facts that are in dispute, the Court DENIES the Motion for Summary Judgment for Plaintiffs Mojisola Afolabi and Eleanor Killi on Counts 1, 2, 3, and 5.[1] ECF No. 55.

*David Onasile–14-191*

The Court holds under advisement the Motion for Summary Judgment on Plaintiff David Onasile and will issue a separate ruling shortly. ECF No. 59.

*Olukemi Akanji–14-320*

Olukemi Akanji brings similar discrimination and retaliation claims as Plaintiffs Ms. Afolabi and Ms. Killi and also brings a claim under the Family and Medical Leave Act ("FMLA") and its state counterpart the Rhode Island Parental and Family Medical Leave Act ("RIPFMLA"). As to the claims of discrimination and hostile work environment, Ms. Akanji has shown facts that if believed by a jury would support those legal claims.

But Ms. Akanji has not proven facts that would support her claim for retaliation or FMLA/RIPFMLA. Ms. Akanji was unable to return to work at the end

---

[1] The Plaintiffs abandoned their claims for negligent training and supervision under Count 4, and so the Court GRANTS summary judgment as to Count 4.

of her leave. And she did not supply the proper documentation to support her leave. The retaliation claim fails because the hospital had placed Ms. Akanji on a corrective action plan weeks before she complained about discrimination.

The Court DENIES the Motion for Summary Judgment as to all claims for discriminatory firing and hostile work environment in Counts 1, 2, and 3; GRANTS the motion on all claims for retaliation in Counts 1, 2, and 3; and GRANTS then motion as to Count 6 (FMLA/RIPFMLA) and Count 4 (negligent training and supervision). ECF No. 57.

## CONCLUSION

1. The Court DENIES in part and GRANTS in part Defendants' Motion for Summary Judgment (ECF No. 55) on Plaintiffs Mojisola Afolabi and Eleanor Killi: The Motion is DENIED as to Counts 1, 2, 3, and 5 and GRANTED as unopposed as to Count 4.

2. The Court DENIES in part and GRANTS in part Defendants' Motion for Summary Judgment (ECF No. 57) on Plaintiff Olukemi Akanji: The Motion is DENIED as to Counts 1, 2,and 3 (discrimination and hostile work environment); GRANTED as to Counts 1, 2, 3, and 5 (retaliation); and GRANTED as unopposed as to Count 4.

3. The Court reserves ruling currently on the Defendants' Motion for Summary Judgment as to Plaintiff David Onasile. ECF No. 59

3

IT IS SO ORDERED.

*[signature: John McConnell]*

John J. McConnell, Jr.
United States District Judge

April 30, 2019